UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL DERRICK ALEXANDER, <br><br> Plaintiff, <br><br> v. <br><br> WRIGHT *et al.*, <br><br> Defendants. | CAUSE NO. 3:21-CV-965-DRL-MGG |

OPINION AND ORDER

Michael Derrick Alexander, a prisoner without a lawyer, filed an amended complaint. ECF 16. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Alexander alleges that, on December 25, 2019, he was arrested by Officer Wright. During the arrest, Mr. Alexander was allegedly subjected to a TASER hit and choked. He further alleges that Officer Diggins helped Officer Wright.[1]

---

[1] Mr. Alexander's amended complaint identifies Officer Wright and Officer Diggins as St. Joseph County police officers, but he has indicated in a letter filed with the court that they are South Bend police officers.

Excessive force claims that occur during an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective of a reasonable officer on the scene." *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id.* (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (quotation marks and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id.*

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a

2

> reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id.* (brackets, internal quotation marks, and citations omitted). Here, Mr. Alexander has not described the facts or circumstances surrounding the use of force. Because he has not pleaded facts from which it can be plausibly inferred that the alleged use of force was not objectively reasonable, Mr. Alexander cannot proceed on this claim.

Mr. Alexander was charged with invasion of privacy. He was released on January 8, 2020, after posting bond. He represents that, on March 23, 2022, the criminal charge was dismissed. He has sued for false arrest. To prevail on a false arrest claim under the Fourth Amendment, the plaintiff must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest[.]" *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention").

"Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *see also Young*, 987 F.3d at 644 (probable cause is a "common-sense inquiry requiring only a

probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred") (quoting *Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010)). "[Probable cause] requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Muhammad v. Pearson*, 2018 WL 3954158, 7 (7th Cir. 2018). Here, Mr. Alexander has not provided any details regarding the circumstances surrounding his arrest. Because Mr. Alexander has not included facts from which it could be plausibly inferred that the arrest was without probable cause, he cannot proceed on this claim.

Mr. Alexander has also sued Police Chief Scott Ruszowski, Sheriff Bill Redman, and Mayor James Muller in their individual capacities. Mr. Alexander does not allege that these defendants were personally involved in his arrest, knew about it, or condoned the events that occurred. Rather, he has included them because they supervise Officer Wright and Officer Diggins. These defendants are not liable to Mr. Alexander merely because they are supervisors. *See J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020) (officials cannot be held liable simply because they hold supervisory positions); *see also Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and defendants cannot be held liable for the misdeeds of other staff).

The amended complaint (ECF 16) does not state a claim for which relief can be granted. Nevertheless, Mr. Alexander may file another amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected,

4

especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Michael Derrick Alexander until **January 4, 2023**, to file an amended complaint; and

(2) CAUTIONS Michael Derrick Alexander if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

December 7, 2022                           *s/ Damon R. Leichty*
                                                 Judge, United States District Court