UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL DERRICK ALEXANDER,

    Plaintiff,

    v.   CAUSE NO. 3:21-CV-965-DRL-MGG

WRIGHT *et al.*,

    Defendants.

OPINION AND ORDER

Michael Derrick Alexander, a prisoner without a lawyer, filed a second amended complaint. ECF 41. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Alexander alleges that, on December 25, 2019, he was in the parking lot of a mini mart when Officer Briar Johnston[1] got out of his vehicle and shouted Mr. Alexander's name. Officer Johnston said there was a warrant for Mr. Alexander's arrest.

---

[1] Mr. Alexander's second amended complaint (ECF 41) names Briar Johnston as a defendant for the first time and was filed three years and three months after the incident. The complaint and amended complaint (ECF 1; ECF 16) instead identified the officer making initial contact as Officer Wright.

Mr. Alexander denied this and asked what the warrant was for. Officer Johnston said it was for invasion of privacy. Mr. Alexander again expressed his belief that there wasn't a warrant for his arrest. Officer Johnston grabbed Mr. Alexander and forced him to the ground. Officer Johnston then used his TASER on Mr. Alexander.

Excessive force claims that occur during an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene[.]" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id.* (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (quotations and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id.*

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer

2

>
> at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id.* (brackets, quotations, and citations omitted). Here, giving Mr. Alexander the benefit of the inferences he is entitled to at this stage of the case, he has plausibly alleged that Officer Johnston used excessive force against him in effectuating his arrest, and he will be permitted to proceed on this claim.

Two additional officers arrived at the scene of Mr. Alexander's arrest: Correy Lueth and Dalton Stroupe. Mr. Alexander alleges that Officer Lueth and Officer Stroupe watched Officer Johnston and didn't do anything to stop him. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Mr. Alexander describes a brief encounter with Officer Johnston where he was taken to the ground and a TASER was used on him. It cannot be plausibly inferred from the allegations in the second amended complaint that either Officer Lueth or Officer Stroupe had a reasonable opportunity to intervene in the alleged encounter with Officer Johnston.

Following his arrest Mr. Alexander was charged with invasion of privacy. He has sued Chief Prosecutor Kenneth P. Cotter and Deputy Prosecutor Patrick Dowd for their handling of his case. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Therefore, he cannot proceed against Chief Prosecutor Kenneth P. Cotter or Deputy Prosecutor Patrick Dowd.

Mr. Alexander has also sued Police Chief Scott Ruszowski. Mr. Alexander doesn't allege that Police Chief Scott Ruszowski was personally involved in his arrest, knew about it, or condoned the events that occurred. Police Chief Scott Ruszowski isn't liable to Mr. Alexander merely because he supervised the alleged wrongdoer. *See J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020) (officials cannot be held liable simply because they hold supervisory positions); *see also Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and defendants cannot be held liable for the misdeeds of other staff). Therefore, he cannot proceed against Police Chief Scott Ruszowski.

That leaves only the City of South Bend. Even if Briar Johnston violated Mr. Alexander's constitutional rights, Mr. Alexander couldn't proceed against the City of South Bend. A municipality may only be held liable for constitutional violations caused by the municipality through its own policy, practice, or custom. *Monell v. Dep't of Soc.*

*Servs. of the City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Here, the second amended complaint doesn't allege facts from which it can be plausibly inferred that Briar Johnston's alleged actions were the result of a municipal policy, custom, or practice. Therefore, he cannot proceed against the City of South Bend.

As a final matter, Mr. Alexander's second amended complaint makes a passing reference to false arrest without explaining why he believes his arrest was false. To prevail on a false arrest claim brought pursuant to the Fourth Amendment, the plaintiff must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest[.]" *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). "Generally, a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation." *Juriss v. McGowan*, 957 F.2d 345, 350 (7th Cir. 1992) (citations omitted). Here, Mr. Alexander alleges that he was unaware of a warrant for his arrest, but it cannot be

plausibly inferred that there was in fact no warrant for his arrest. Therefore, he cannot proceed on this claim.

For these reasons, the court:

(1) GRANTS Michael Derrick Alexander leave to proceed against Briar Johnston in his individual capacity for monetary damages for using excessive force against him on December 25, 2019, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES City of South Bend, Scott Ruszowski, Correy Lueth, Dalton Stroupe, Kenneth P. Cotter, and Patrick Dowd;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Briar Johnston at the South Bend Police Department, with a copy of this order and the second amended complaint (ECF 41);

(5) ORDERS the South Bend Police Department to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service and if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Briar Johnston to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 18, 2023                                               *s/ Damon R. Leichty*
                                                             Judge, United States District Court