UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL DERRICK ALEXANDER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-965-DRL-JEM |
| BRIAR JOHNSTON, | |
| Defendant. | |

OPINION AND ORDER

Michael Derrick Alexander, a prisoner without a lawyer, was granted leave to proceed on a single claim against Officer Briar Johnston for using excessive force against him on December 25, 2019, in violation of the Fourth Amendment. Mr. Alexander did not initiate this lawsuit until December 22, 2021, and he didn't attempt to name Officer Johnston as a defendant until March 28, 2023. ECF 1; ECF 41. Officer Johnston moved to dismiss this case because he wasn't named as a defendant prior to the expiration of the statute of limitations. ECF 47.

Indiana's two-year limitations period applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Although this lawsuit was initiated within two years of December 25, 2019, Mr. Alexander waited three years and three months to name Officer Johnston as a defendant. Thus, he may only proceed against Officer Johnston now if his claim relates back to the filing of his original complaint or if equitable tolling is applicable.

Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). Mr. Alexander didn't respond to the motion to dismiss, and he hasn't argued that such a mistake occurred. He has offered no explanation for his failure to name Mr. Johnston as a defendant within two years. Even if Mr. Alexander didn't know the identity of Officer Johnston, simply not knowing his identify isn't a mistake for purposes of the relation back rules. *See id.* Furthermore, Mr. Alexander hasn't argued that he is entitled to equitable tolling, and the record before this court doesn't suggest any basis for equitable tolling. *See Hardin v. Straub*, 490 U.S. 536, 538-39 (1989) (finding that, where a federal claim is controlled by a state statute of limitations, a federal court looks to state law to decide whether the statute of limitations should be tolled for equitable reasons); *Trzeciak v. State Farm Fire & Cas. Co.*, 809 F.Supp.2d 900, 911-12 (N.D. Ind. 2011) (summarizing Indiana law governing equitable tolling).

Mr. Alexander waited until he was almost out of time to initiate this lawsuit, and then he waited another year and three months before he amended his complaint to add Officer Johnston as a defendant. This isn't a situation when the court's own procedures caused delay and resulted in prejudice to Mr. Alexander. *See, e.g.*, *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (*en banc*) (finding equitable tolling warranted when an otherwise diligent plaintiff could not amend her complaint to include new claims "due solely to the delay inherent" in the court's procedures). Any delay caused by the court's

procedures is insufficient to excuse a delay of more than one year and three months before naming Officer Johnston. Therefore, Mr. Alexander's claim is barred by the statute of limitations and Officer Johnston's motion to dismiss must be granted.

For these reasons, the motion to dismiss (ECF 47) is GRANTED and the Clerk is DIRECTED to enter judgment in favor of Briar Johnston.

SO ORDERED.

July 12, 2023                                              *s/ Damon R. Leichty*
                                                              Judge, United States District Court